# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PAMELA R. MILLER,

      Plaintiff,  :  Case No. 3:08-cv-029

                            District Judge Walter Herbert Rice
  -vs-                          Chief Magistrate Judge Michael R. Merz

                            :

WEST CARROLLTON
PARCHMENT, et al.,

      Defendants.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Motion to Remand Case to Common Pleas Court (Doc. No. 13).  Defendants have opposed the Motion (Doc. No. 17) and Plaintiff's time to file a reply memorandum in support expired May 13, 2008.

This case was referred to the undersigned United States Magistrate Judge under 28 U.S.C. §636(b) on April 24, 2008 (Preliminary Pretrial Conference Order, Doc. No. 16).

> to perform any and all functions authorized for full-time United States Magistrate Judges by statute, including, without limiting the generality of the foregoing, all motion to remand removed cases to state court, all motions to dismiss or for judgment on the pleadings under Fed. R. Civ. P. 12, and all discovery-related motions. In each such case, the Magistrate Judge shall proceed in accordance with Fed. R. Civ. P. 72.

Fed. R. Civ. P. 72 requires a report and recommendation on a motion to remand removed cases to state court.  *Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001).

**P**laintiff Pamela Miller filed this action in the Montgomery County Common Pleas Court on January 10, 2008, against Defendants West Carrollton Parchment, Pierce Lonergan, Cameron Lonergan, Kenneth Roberds, and Larry Brewer claiming three grounds for relief: discrimination,

gross and willful and wanton misconduct, and negligence (Complaint, Doc. No. 4).

On January 31, 2008 the Defendants removed the case to federal court, asserting that the claims are preempted by federal law pursuant to §301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185, and thus this Court has original jurisdiction under 28 U.S.C. § 1331, made exclusive by the preemption doctrine (Notice of Removal, Doc. No. 2). On February 7, 2008, the Court substituted the United Steelworkers Local Union 781 for Defendant Larry Brewer, who was sued as its President (Doc. No. 7 and notation order sustaining). On Stipulation, all claims against the Union were dismissed with prejudice (Doc. No. 10).

In 1996 the Plaintiff, Pamela Miller, began working for Defendant West Carrollton Parchment Company. (Doc. No1-2, ¶ 9, 14). The West Carrollton Parchment Company has a collective bargaining agreement ("CBA") with the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC and Local Union NO. 781. (Doc. No. 17-2).

In 2004 Miller became the roll doctor in the Company's wax department and worked in that capacity until the job was eliminated in November 2006 (Doc. No. 1-2 ¶ 15, 16). In November 2006 Miller was transferred to the logistics department to work as a tow truck driver with the promise from Defendant Cameron Lonergan that if her former job was reinstated she would have the choice to continue to work as a tow truck driver or return to working as a roll doctor. (Doc. No 1-2 ¶ 16, 18). Miller asserts that while she was working as a tow truck driver, Defendant Roberds discriminated against her on account of her sex. Miller further alleges that the Defendants discriminated against her by transferring her back to her former position as a roll doctor without being able to keep her seniority and without giving her the choice of continuing to work as a tow truck driver, as promised. (Doc. No. 1-2, ¶ 21)

As a result of this transfer, Miller lost her seniority, worked less overtime and received less

pay. (Doc. No. 1-02, 26). Miller asserts she was denied the full seniority she is entitled to under section 6.11 of the CBA. (Doc. No. 1-2 ¶ 32). As a result of the Defendants behavior Miller filed a grievance with her Union on May 1, 2007, which was denied on May 3, 2007 (Doc. No. 1-2 ¶ 30, 31). The Plaintiff initiated this action on January 10, 2008, alleging that the Defendants discriminated against her, that the Defendant's behavior was intentional, willful and wanton misconduct and that the Defendants were negligent when they failed to rectify the situation. The Plaintiff seeks $500,000.00 in compensatory damages, $5,000,000.00 in punitive damages, and costs.

Plaintiff 's Motion to Remand her case to state court for lack of subject matter jurisdiction asserts that §301 of the LMRA does not preempt her state law claims because the terms of the CBA are not integral to her claims.

Presence or absence of federal question jurisdiction that will support removal is governed by the "well-pleaded complaint rule." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). "The well-pleaded complaint rule generally provides that the plaintiff is the master of his complaint, and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." *Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 515 (6th Cir. 2003) (quoting *Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 943 (6th Cir. 1994)).

But there is a narrow exception to this general rule. The "complete preemption doctrine" which is corollary to the well-pleaded complaint rule, states that in some cases "the preemptive force of [federal law] is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim.'" *Caterpillar Inc. v. Williams,* 482 U.S. 386, 387, 107 S.Ct. 2425, 2426 (1987) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). When state law is preempted by federal law, the defendant may properly remove the case

3

to federal court.

    29 U.S.C. §185 (a), §301 of the LMRA provides:
    "Suits for violations of contracts between an employer and the labor organization representing employees in an industry effecting commerce... may be brought in any District Court of the United States having jurisdiction of the parties"

In order to ensure "uniformity and predictability in interpreting the meaning of contract terms" the Supreme Court has held that §301 of the LMRA preempts state law when the case relies substantially on the interpretation of collective bargaining agreements. *DeCoe v. GMC*, 32 F.3d 212, 216 (6th Cir. 1994) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)). Additionally, "the Supreme Court has read Section 301 expansively to include suits brought by employees." *In Re Glass, Molders, Pottery, Plastics & Allied Workers* 983 F.2d 725, 728 (6th Cir. 1993) (citing *Smith v. Evening News Ass'n*, 371 U.S. 195, 200-01, 83 S.Ct. 267, 270-71, 9 L.Ed.2d 246 (1962).

    A case substantially relies on the interpretation of a CBA "when employment relationships [that] are subject to a collective bargaining agreements are implicated" or when the rights and relationships between the parties are created by the CBA itself, not by state law. *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 383 (6th Cir. 1991) (citations and quotations omitted). Terms of the CBA that are tangentially related to the cause of action or may be helpful in determining damages are not sufficient for §301 to preempt state law. *See Lingle v. Norge Div. Of Magic Chef, Inc.,* 486 U.S. 399, 413 (1988). Furthermore, "when the plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has chosen to plead ... a federal claim, and removal is at the defendant's option." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 389, 107 S.Ct. 2425, 2433 (1987).

    Although the Plaintiff did not seek relief under federal law in her Complaint, she explicitly cited Section 6.11 of the CBA which provides that "if the Company permanently eliminates any of the permanent job classifications, the employee or employees... would retain his full plant-wide seniority in the department he elect to bump." (Doc. No. 17-2). The Plaintiff claims that when the Defendants did not give her full seniority after they transferred her that they violated the CBA and

4

discriminated against her because of her sex. When the Plaintiff referenced the CBA in her Complaint, she made the interpretation of the terms of the CBA integral to the Court's determination of whether discrimination occurred. Additionally, the right to full seniority within the company is granted to the Plaintiff by the CBA, not state law, making it necessary for this Court to interpret the CBA in order to determine whether she was discriminated against.

Furthermore, by invoking a right created in the CBA, the right to full seniority, the Plaintiff in effect asserted a federal claim. Thus this case was properly removed to federal court.

The Defendants further assert that count two, gross and willful and wanton misconduct, and count three, negligence, are preempted by federal law. This Court need not decide this issue at this juncture. Under 28 U.S.C. §1367 a federal court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." The wanton misconduct and negligence claims arise out of the alleged discriminatory behavior of the Defendants, and thus are part of the same case or controversy. This Court has original jurisdiction over count one and supplemental jurisdiction over counts two and three.

Accordingly, it is respectfully recommended that the Plaintiff's Motion to Remand the case to state court be denied.

June 16, 2008.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because

this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).